## Case No. 15,658.

### UNITED STATES v. McCARTY.

[1 Woolw. 93.] [1]

Circuit Court, D. Minnesota. June Term, 1865.

CRIMINAL LAW—PROCURING BY FRAUD EXEMPTION OF DRAFTED PERSON—ARMY—PERIOD OF PUNISHMENT.

1. The act of February 24, 1864 (13 Stat. 10), assumes to fix a definite period of imprisonment as a punishment for the offence of procuring, by fraud, the exemption of a drafted person, and leaves to the court no discretion in that regard.

2. The period of punishment therein fixed is the same as the period for which the party drafted had to serve, which, as provided by section 11 of the act of March 3, 1863 (12 Stat. 733), is to the end of the Rebellion, but not more than three years.

3. The offender may not be imprisoned three years, for the Rebellion may not continue so long.

4. He cannot be sentenced to confinement during the Rebellion; for, shortly after he is condemned, the Rebellion may terminate, and then the court could not inquire into the matter.

This was an indictment found against the defendant for procuring by fraud the exemption of a drafted person. His counsel moved to quash the bill, and, among other reasons for the motion, insisted that the act of congress, under which the indictment was found did not assign a certain period to the imprisonment, to which, in the event of his conviction, he would be subject.

Before MILLER, Circuit Justice, and NELSON, District Judge.

MILLER, Circuit Justice. The act of February 24, 1864, § 21 (13 Stat. 10), under which this indictment is found, after describing the offence, says, that the convicted person shall "be punished by imprisonment for the period for which the party was drafted," meaning the party whose exemption was procured by fraud. This statute clearly contemplates a definite period of penal imprisonment, and does not leave the court any discretion in regard to its duration. When we come to inquire for what period the party was drafted, we look to the law under which the draft was made. Section 11 of the act of March 3, 1863 (12 Stat. 733), was the law governing the time of service of drafted men, when the act was passed under which this defendant stands indicted. We are not aware that it has since been modified so as to affect the case under consideration. That section provides, that all persons duly enrolled "shall be subject, for two years after the first day of July succeeding the enrolment, to be called into the military service of the United States, and to continue in service during the present Rebellion, not, however, exceeding the term

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

of three years." The offence charged against the defendant was committed during the war; and as well his liability to, as the extent of the punishment which we must impose, must depend upon the facts and the law as they then existed. What sentence, then, shall be pronounced? Is he to be imprisoned for three years? If so, it is obvious that the confinement may continue longer than the period for which the party whose exemption he procured was drafted. That period could extend to three years, only in the event that the Rebellion continued so long. There seems every probability that the Rebellion has not continued so long, that it is now ended. But can this court take judicial notice that such is the case? There is no proclamation to that effect. Is it consistent with the act prescribing the punishment, to suppose that its extent was to be fixed by any evidence to be received by the court as to the length of time the Rebellion lasted after the exempted party was drafted? This cannot be; because an offender might be tried and convicted within a few months after the law was passed, and before the time for which the Rebellion might continue could possibly be predicted. It is clear, from this examination, that the time which might elapse between the drafting of the exempted person and the close of the Rebellion cannot, if the defendant be convicted, be adopted as the duration of his punishment. As three years would probably much exceed the time during which the drafted man would have had to serve, a sentence for that period would, to that extent, be in excess of the punishment prescribed by the law, and beyond the authority of the court. And as the statute has not, in reference to the duration of the Rebellion, prescribed any period, or furnished any authority to the court to fix it, or any criterion by which it can be fixed, we are driven to the conclusion that there is no ascertainable period of punishment presented by the law. For this reason the indictment must be quashed.

Motion to quash the indictment sustained.